IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAFE HAVEN SECURITY SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAWN THOMPSON, ) <br> ) <br> Defendant. ) | No. 4:21-CV-00604-DGK |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

This lawsuit arises from the resignation of a branch manager from Plaintiff Safe Haven Security Services, Inc. ("Safe Haven"), and his subsequent employment with a competitor, Impulse Alarm, LLC ("Impulse"). Safe Haven alleges the manager, Defendant Shawn Thompson ("Thompson"), is presently violating a non-solicitation and non-competition agreement. Now before the Court is Safe Haven's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 2.

After carefully reviewing the motion and the existing record, the Court holds Safe Haven has not met its burden for the Court to issue a temporary restraining order. The Court reserves ruling on the request for a preliminary injunction until the issue is fully briefed and a hearing is held, if necessary.

**Background**

Safe Haven's allegations against Thompson are detailed in its verified complaint, the motion, and Plaintiff's brief in support of the motion which the Court has carefully reviewed. V. Compl, ECF No. 1; Mot., ECF No. 2; Suggestions in Supp., ECF No. 3. The allegations will not be repeated here.

**Standard for Issuance of a Temporary Restraining Order**

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

**Discussion**

A.  **Safe Haven has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036-37. Safe Haven contends the Court can infer an irreparable injury results from breaches of covenants not to compete, solicit, or disclose confidential information, and it alleges Thompson has "unquestionably violated" the agreement by soliciting its employees to join him at Impulse. Suggestions in Supp. at 9-10.

The Court is not persuaded of the threat of *irreparable* harm to Safe Haven. Granted, the "violation of a valid non-compete agreement can support an inference of the existence of a threat of irreparable harm." *Church Mut. Ins. Co. v. Sands*, No. 14-CV-3119-S-DGK, 2014 WL

3907831, at *3 (W.D. Mo. Aug. 11, 2014) (emphasis added) (granting a request for a preliminary injunction after an evidentiary hearing). But the existing record here does not support such an inference. It appears that while Thompson's alleged actions may cause Safe Haven to lose some business, an award of damages for lost profits could compensate Safe Haven for this loss. Thus, Safe Haven has not demonstrated a threat of irreparable harm here.

### B. Safe Haven has not shown the balance of harms favors issuing a TRO.

Safe Haven also argues the Court should issue a temporary restraining order because the ongoing harm to it exceeds any potential harm to Thompson.

The Court is not convinced. Issuing the injunction sought by Safe Haven might fatally harm Thompson's business prospects in the home security industry. Hence, the Court is not satisfied that the balance of harms favors issuing a temporary restraining order.

### C. Safe Haven has shown a likelihood of success on the merits.

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Id*. (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485. Here there is ample evidence in the record that Safe Haven had a non-solicitation and non-competition agreement in place with Thompson to suggest that it has at least a fair chance of prevailing on at least some of its claims.

### D. The public interest does not weigh in either party's favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

3

### E. Plaintiff has not carried its burden.

After balancing the four factors, the Court holds Safe Haven has not clearly shown that it is entitled to the extraordinary and drastic remedy of a temporary restraining order issued ex parte. Although Safe Haven has established one of the four factors, it has not established that after balancing all four factors the scale tilts in favor of granting the temporary restraining order. *Noodles Development*, 507 F.Supp.2d at 1034.

### Conclusion

Safe Haven's request for a temporary restraining order is DENIED. The Court withholds ruling on Safe Haven's request for a preliminary injunction until the issue is fully briefed and a hearing is held, if necessary.

**IT IS SO ORDERED.**

Date:  August 20, 2021              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT